UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES HENLEY, )
)
        Plaintiff, )
) CAUSE NO. 3:15-CV-095 RM
v. )
)
ARAMARK CORP., and )
CORIZON MEDICAL CORP. )
)
        Defendants. )

OPINION AND ORDER

James Henley, a *pro se* prisoner, filed a complaint alleging that the defendants caused him to have hypo-thyroidism by serving him food with a high soy content. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

Though "the safety of soy is a topic of current debate and study and has been for some time[, t]hat is not enough to find an Eighth Amendment violation." Harris v. Brown, 3:07-CV-3225, 2014 WL 4948229, 2014 U.S. Dist. LEXIS 137870 (C.D. Ill. September 30, 2014) (collecting studies and expert opinions).

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer [v. Brennan, 511 U.S. 825, 834 (1994)] (*quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). *See also,* Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed

contemporary bounds of decency of a mature, civilized society."); Jackson [v. Duckworth,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). "An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution." French v. Owens, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citation omitted.)

Mr. Henley's soy claim is similar to arguments raised more than 25 years ago alleging that smoking in prison constituted an Eighth Amendment violation. In that case, the Seventh Circuit explained that:

> Secondary tobacco smoke is common in offices, restaurants, and other public places throughout the United States and the rest of the world. No one supposes that restaurateurs who allow smoking are subjecting their other patrons to "punishment", or desire to harm them. The guards and administrators who breathe smoky air in the prison are not punishing themselves. No one would suppose, either, that the gentlemen tobacco farmers who wrote and adopted the eighth amendment could have conceived of smoke as punishment. Evidence since 1791 presents tobacco in a different light, but debate persists about how severe the effects of secondary smoke may be.

Steading v. Thompson, 941 F.2d 498, 500 (7th Cir. 1991).

Today, foods containing soy are widely consumed and federal regulations permit food labels to advertise the health benefits of consuming food containing soy. *See* 20 C.F.R. § 101.82. As such, there is no general consensus that soy poses a health hazard, much less

2

an unreasonable one. Nevertheless, to the extent that soy products pose a health risk, it is a risk voluntarily taken by millions of Americans every day. Thus, like slippery floors, exposing inmates to such risks does not state an Eighth Amendment violation. See *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (collecting cases) ("[W]hile the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment.").

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: March  10 , 2015

　　　　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　　　Judge,
　　　　　　　　　　　　　　　　　　　　United States District Court